UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JONATHAN A. Z.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No.  20-cv-07381-RMI<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 17, 24 |

Plaintiff, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for benefits under Titles II and XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 9 & 10), and both parties have moved for summary judgment (dkts. 17 & 24). For the reasons stated below, Plaintiff's motion for summary judgment is granted, Defendant's motion is denied, and the case is remanded for further proceedings.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

"substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**PROCEDURAL HISTORY**

On October 12, 2016, Plaintiff filed applications for benefits under Titles II and XVI, alleging an onset date of September 14, 2014. *See* Administrative Record "AR" at 10.[2] As set forth in detail below, the ALJ found Plaintiff not disabled and denied the application on October 1, 2019. *Id*. at 10-22. The Appeals Council denied Plaintiff's request for review on August 28, 2020. *See id*. at 1-6. Thereafter, on October 21, 2020, Plaintiff sought review in this court (dkt. 1) and argued *inter alia* that the ALJ incorrectly weighed the evidence when formulating the residual functional capacity ("RFC"). *See generally* Pl.'s Mot. (dkt. 17) at 13-18.

**SUMMARY OF THE RELEVANT EVIDENCE**

While Plaintiff has raised a number of issues in this court (including claims that the ALJ's formulation of the residual functioning capacity and her Step Five determination were erroneous), the court does not reach those issues because the record in this case contains certain evidence pertaining to three impairments – gastrointestinal reflux disease ("GERD"), irritable bowel syndrome ("IBS"), and Barrett's esophagus – for which the record was not fairly or properly developed by the ALJ. Because the court is of the opinion that the record has been insufficiently

---

[2] The AR, which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #16. *See* (dkts. 16-1 through 16-11).

2

developed in this regard, the following is a recitation of the relevant evidence underlying that conclusion.

In addition to suffering from various disorders including major depressive disorder, anxiety disorder, posttraumatic stress disorder ("PTSD"), right shoulder dysfunction, and degenerative joint disease of the left knee (*see* AR at 13, 662-66), there is substantial record evidence indicating that Plaintiff also suffers from two or more gastrointestinal disorders that are attended with what the record indicates are substantial limitations. Accordingly, the case must be remanded because the record was poorly developed in this regard and because the ALJ's decision misapprehended or simply overlooked this evidence.

*Hearing Testimony*

During the course of the September 10, 2019 evidentiary hearing before the ALJ, Plaintiff testified that – in addition to his other impairments – he also suffered from certain gastrointestinal conditions. *See* AR at 68-69. Plaintiff told the ALJ that he had just recently had a colonoscopy procedure, and that he was scheduled for an upcoming abdominal CT scan. *Id*. at 69. More specifically, Plaintiff informed the ALJ that he has been suffering from gastric distress, coupled with chronic diarrhea "for about 10 years," and that his gastrointestinal condition has exacerbated his shoulder dysfunction and the degenerative joint disease of his knee because the fact that he "experience[s] a lot of diarrhea," which has "made the dilemma of [his] injuries much more prevalent" because of the extent to which it interferes with his efforts to undertake rehabilitative exercises related to his knee and shoulder impairments. *Id*. Later, the ALJ asked Plaintiff whether or not he had submitted any gastroenterology records – Plaintiff answered in the affirmative. *Id*. at 76-77. Before the hearing was adjourned, Plaintiff also informed the ALJ that his gastrointestinal distress was not limited to issues with his lower GI tract in that he also suffers from upper GI distress (coupled with nausea), something he experiences every day – or, as he put it: "[i]t honestly is probably the worst thing about all these injuries because honestly I can't eat . . . [a]nd I constantly have to bring seltzer water with me or ginger ale just to keep the nausea at bay, I guess . . . it affects me so much regularly." *Id*. at 80. With that, the ALJ concluded that portion of the hearing, proceeding instead to hear testimony from the VE without developing the record any

3

further as to Plaintiff's upper and lower GI distress, or without asking the VE any hypotheticals that included any component related to Plaintiff's gastrointestinal issues. *See id*. at 81-86.

*Medical Evidence*

As early as the Fall of 2016, Plaintiff's doctors diagnosed him as suffering from GERD, as well as observing that Plaintiff also suffered from certain "chronic bowel irregularities." *Id*. at 531-33. Both of these observations continued to appear with a good deal of regularity in Plaintiff's medical records from 2016 forward. *See e.g. id*. at 50, 51, 548, 558-60, 562, 568, 572, 649, 679, 686, 729, 782, 805, 815, 828, 835, 898-99. By February of 2017, Plaintiff's doctors concluded that Plaintiff's lower GI tract distress was caused by diarrhea predominant IBS. *Id*. at 646. Thereafter, Plaintiff's treatment providers repeatedly confirmed this diagnosis. *See id*. at 686, 769, 782, 835; *see also id*. at 898 ("intermittent diarrhea for 10+ years"), 899 ("worsening chronic diarrhea . . . having rare formed bowel movements, abdominal pain, nausea, and weight loss.").

In 2019, Plaintiff's second colonoscopy revealed that "portions of the small bowel, particularly the proximal jejunum, are insufficiently distended." *See id*. at 50-51 (as an incidental finding, doctors also found that Plaintiff was affected with "mild splenomegaly."). As for his GERD – Plaintiff's acid reflux symptoms were so severe that – as early as 2016 – he was also diagnosed with Barrett's esophagus[3]. *See id*. at 558-60. This diagnosis also reappeared throughout Plaintiff's medical records between 2016 and 2019 with a good deal of regularity – indicating a chronic and ongoing problem. *See id*. at 558-60, 562, 568, 572, 679, 805, 815, 828.

*Function Reports*

On a handwritten third-party function report dated November 11, 2016, Plaintiff's mother also noted that Plaintiff's gastrointestinal issues had combined to cause him to be sensitive to

---

[3] "Barrett's esophagus is a condition in which tissue that is similar to the lining of your intestine replaces the tissue lining your esophagus. People with Barrett's esophagus may develop a rare cancer called esophageal adenocarcinoma. Experts don't know the exact cause of Barrett's esophagus. However, gastroesophageal reflux disease (GERD) increases your chances of developing the condition." *See* "Barrett's Esophagus," on the website of the National Institute of Diabetes and Digestive and Kidney Diseases, available at: https://www.niddk.nih.gov/health-information/digestive-diseases/barretts-esophagus (last checked 03/15/22 at 2:00 pm).

4

various foods requiring certain unspecified dietary changes. *Id*. at 305. However, the form contains no further information about the extent and nature of the associated limitations attending Plaintiff's IBS, GERD, and Barrett's esophagus. *See id*. at 303-310. On a function report – completed on the same date – Plaintiff noted: "I also have stomach issues that cause diarrhea, heartburn, and occasional vomiting that leave my body physically strained." *Id*. at 340.

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.[4] The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ set forth the applicable law under the required five-step sequential evaluation process. *See* AR at 11-12. At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date on which the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ in this case found that (for Title II purposes) Plaintiff met the insured status requirements of the Social Security Act through March 31, 2017, and that he had not engaged in substantial gainful activity since September 14, 2014, the alleged onset date. *See* AR at 13. At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the

---

[4] The regulations for supplemental security income (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the CFR. For the sake of convenience, the court will generally cite to the SSI regulations herein unless it is necessary to note otherwise.

1  ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting
2  S.S.R. No. 96–3(p) (1996)). At Step Two, the ALJ found that Plaintiff suffered from the following
3  severe impairments: right shoulder dysfunction, degenerative joint disease of the left knee, major
4  depressive disorder, and social anxiety. *See* AR at 13.
5        At Step Three, the ALJ compares the claimant's impairments to the impairments listed in
6  appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the
7  burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant
8  is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful,
9  the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four.
10 *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or
11 combination of impairments that met or medically equaled the severity of any of the listed
12 impairments. *See* AR at 14-15. Next, the ALJ determined that Plaintiff retained the RFC to
13 perform the full range of light work with certain limitations and exceptions that (to a degree)
14 accounted for the impairments that were found severe by the ALJ at Step Two. *See id*. at 15-20.
15       At Step Four, the ALJ determined that Plaintiff is unable to perform his past relevant
16 work because he has had no past work at all. *Id*. at 20. Lastly, at Step Five, based on the RFC as
17 formulated, and the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff can
18 still perform the functions of certain jobs that exist in significant numbers in the national economy
19 such as sorter, assembler, and inspector. *See id*. at 21. Thus, the ALJ concluded that Plaintiff had
20 not been under a disability, as defined in the Social Security Act, at any time prior between the
21 alleged onset date, September 14, 2014, and the date of the ALJ's decision, October 1, 2019. *Id*. at
22 20-21.

**DISCUSSION**

24       At Step Two, the ALJ committed several errors. First, the ALJ confused Plaintiff's IBS
25 with Crohn's disease. *See id*. at 13 ("The claimant's Crohn's disease / IBS is not a medically
26 determinable impairment."). However, these are two very different conditions. Crohn's disease is
27 a type of inflammatory bowel disease ("IBD") – the exact cause of which remains unknown but
28 "[s]everal factors, such as heredity and a malfunctioning immune system, likely play a role in its

6

development."[5] On the other hand, IBS is a more common, yet still chronic, disorder that affects the large intestine and causes symptoms such as cramping, abdominal pain, bloating, gas, and diarrhea or constipation or both – its causes include changes in muscle contractions in the intestines, abnormalities in the nervous system, severe infection, stress, and changes in the gut microbes.[6] Thus, "[i]rritable bowel syndrome (IBS) and inflammatory bowel disease (IBD) are two distinct gastrointestinal disorders, though the differences between the two can be confusing for many people."[7]

Second, the ALJ erred by stating that Plaintiff's IBS "is not a medically determinable impairment" because it "is not reflected in the record." *See* AR at 13. Compounding that error, the ALJ also incorrectly stated that "[e]ven if the claimant were [so] diagnosed, it is fairly recent and does not meet the 12-month duration requirement." *Id*. However, both of these statements are incorrect in that Plaintiff was regularly diagnosed with IBS (as set forth above) from 2016 forward (in other words, the diagnosis was first rendered more than three years before the date of the ALJ's decision). It would appear that the ALJ's errors in this regard were rooted in her misapprehension of the record. As for Plaintiff's GERD and Barrett's esophagus, the ALJ failed to make any mention whatsoever of these conditions at Step Two or beyond and it appears that the ALJ simply overlooked them entirely. Given Plaintiff's testimony about their limiting effects, it cannot be contended that the ALJ's failure to consider them was harmless.

As to the state of the record that is now before this court, several applicable legal principles must be noted. First, the court will note the ALJ's Step Two errors were (in part) rooted in her failure to discharge the duty to develop the record in such a manner as to allow for a full and fair

---

[5] *See e.g.* "Crohn's Disease," on the website of the Mayo Clinic. Available at: https://www.mayoclinic.org/diseases-conditions/crohns-disease/symptoms-causes/syc-20353304 (last checked, 03/15/22 at 2:41 pm).

[6] *See e.g.* "Irritable Bowel Syndrome," on the website of the Mayo Clinic. Available at: https://www.mayoclinic.org/diseases-conditions/irritable-bowel-syndrome/symptoms-causes/syc-20360016 (last checked on 03/15/22 at 2:45 pm).

[7] *See* "IBS vs. IBD" on the website of the Crohn's and Colitis Foundation. Available at: https://www.crohnscolitisfoundation.org/what-is-ibd/ibs-vs-ibd (last checked 03/15/22 at 2:50 pm).

7

disability determination. This "duty to fully and fairly develop the record" is meant to "assure that [a] claimant's interests are considered." *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (citation omitted); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("In making a determination of disability, the ALJ must develop the record and interpret the medical evidence."). It should also be noted that an ALJ has broad discretion in determining whether to order further consultative examinations when it may be necessary to resolve ambiguities or other inadequacies in the body of evidence. *See Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citation omitted); *see also* 20 C.F.R. § 404.1519a(b) ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim."); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). This duty to develop the record is incumbent and applicable even when claimants are represented by counsel. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Further, "[i]n cases of mental impairments, this duty is especially important." *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1990); *see also Tonapetyan*, 242 F.3d at 1150 ("The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests.").

Here, Plaintiff not only put forth medical documentation substantiating his IBS, his GERD, and his Barrett's esophagus, but he also testified (albeit briefly) about how those conditions affect his ability to function and how they exacerbate his other impairments. The court finds that those medical records, in conjunction with that testimony, triggered the ALJ's duty to further develop the record regarding the nature and extent of the limitations caused by the combination of these gastrointestinal impairments. Instead, the ALJ simply glossed over Plaintiff's concerns at the hearing and moved on to other topics. On remand, the ALJ and Plaintiff's counsel are **ORDERED** to see to it that the record is developed in this regard in a fulsome manner that would afford a reviewing court a clear picture as to the extent of the effects associated with these conditions.

8

Next, the court will note that while Plaintiff has not raised an issue regarding the ALJ's failure to develop the record regarding Plaintiff's various gastrointestinal conditions, the court can raise and address such issues *sua sponte*. Not only is the court not precluded from raising such an issue *sua sponte*, but the court has an independent duty to determine whether the ALJ's findings (in every regard) are supported by substantial evidence – this is so because an appeal from the denial of Social Security benefits is rather unlike ordinary civil litigation because the underlying claims process before the ALJ is not adversarial. *See Sims v. Apfel*, 530 U.S. 103, 110 (2000). While claimants must carry the burden of demonstrating that they qualify for benefits, the law does not leave them entirely to their own devices; consequently, lapses and omissions in pleading or procedure cannot be relied upon to withhold benefits from a claimant who may otherwise be entitled to them. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 n.3 (9th Cir. 1999). Therefore, when such a case is before this court, while a plaintiff must make his own arguments for remand, that does not relieve this court of its independent duty to effect a thorough and searching review of the record such as to render a complete and independent determination as to whether the ALJ's findings and conclusions are supported by substantial evidence. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985). When the record has been poorly developed – as is the case here – a reviewing court's task is frustrated to say the least.

In therefore cannot be reasonably suggested that the failure by a Plaintiff or her counsel to raise an error is an acceptable reason for a court to actively ignore it. *See Ariz. State Dep't of Pub. Welfare v. Dep't of Health, Educ. & Welfare*, 449 F.2d 456, 472 (9th Cir. 1971); *Hess v. Sec'y of Health, Educ. & Welfare*, 497 F.2d 837, 840 (3d Cir. 1974); *see also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). A significant number of courts faced with this issue have arrived at a similar conclusion. *See e.g., Farley v. Colvin*, 231 F. Supp. 3d 335, 339-41 (N.D. Cal. 2017) (collecting cases standing for the proposition that while a remand request is normally made by a party, there is no reason why a district court may not remand, *sua sponte*, for an error that was not raised); *see also Cortes v. Berryhill*, No. 3:16-cv-01910 (JCH), 2018 U.S. Dist. LEXIS 45256, 2018 WL 1392903, at *2-6 (D. Conn. March 19, 2018) (court *sua sponte* raised issue of ALJ's failure to develop the record and reversed and remanded because it "could not ignore" a gap in

record of mental health treatment); *Peterson v. Commissioner of Social Security Admin.*, No. 16-2912, 2018 U.S. Dist. LEXIS 26355, 2018 WL 953345, at *1 n.1 (D. N.J. Feb. 20, 2018) (same); *Taylor-Tillotson v. Colvin*, No. 13-80907-CIV-WM, 2014 U.S. Dist. LEXIS 177510, 2014 WL 7211888, at *13 (S.D. Fl. Dec. 18, 2014) ("A reviewing court may *sua sponte* address issues in social security cases"); *Mangan v. Colvin*, No. 12 C 7203, 2014 U.S. Dist. LEXIS 120515, 2014 WL 4267496, at *1 (N.D. Ill. Aug. 28, 2014) (same); *Gravel v. Barnhart*, 360 F. Supp. 2d 442, 452 n.24 (N.D.N.Y. 2005) (noting additional issues that warrant remand *sua sponte*).

In any event, because the court is remanding the case for further proceedings and a new hearing (as well as for whatever other record development might be considered necessary by Plaintiff, his counsel, or the ALJ), the court declines to address Plaintiff's remaining issues not only because they can be adequately addressed on remand, but also because the calculus underlying those issues might significantly change on remand given the holdings expressed herein. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Gutierrez v. Comm'r of Soc. Sec.*, No. 18-cv-02348-RMI, 2019 U.S. Dist. LEXIS 165711, at *30-31 (N.D. Cal. Sep. 25, 2019); *Abdul-Ali v. Berryhill*, No. 18-cv-03615-RMI, 2019 U.S. Dist. LEXIS 138512, 2019 WL 3841995, at *7 (N.D. Cal. Aug. 15, 2019); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

On remand, the Commissioner is **ORDERED** to consider the other issues raised in Plaintiff's briefing and to modify any ensuing ALJ opinion such as to clearly reflect the fact that the issues raised in this case by Plaintiff have been considered and addressed. *See Cortes v. Colvin*, No. 2:15-cv-02277-GJS, 2016 U.S. Dist. LEXIS 40580, 2016 WL 1192638, at *4 (C.D. Cal. Mar. 28, 2016); *Cochran v. Berryhill*, No. 3:17-cv-00334-SB, 2017 U.S. Dist. LEXIS 212380, at *21 (D. Or. Dec. 28, 2017); *Steven M. v. Saul*, No. 19-cv-06991-RMI, 2021 U.S. Dist. LEXIS 52225, at *16-17 (N.D. Cal. Mar. 19, 2021).

//

**CONCLUSION**

As described above, Plaintiff's summary judgment motion (dkt. 17) is **GRANTED**, Defendant's summary judgment motion (dkt. 24) is **DENIED**, and the case is **REMANDED** for further proceedings consistent with the instructions provided herein.

**IT IS SO ORDERED.**

Dated: March 16, 2022

ROBERT M. ILLMAN
United States Magistrate Judge